NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3314

NANDINEE K. KUTTY,

Petitioner,

v.

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

Respondent.

_____

DECIDED:  January 12, 2006

_____

Before LOURIE, RADER, and LINN, Circuit Judges.

PER CURIAM.

The Merit Systems Protection Board (Board) denied Nandinee K. Kutty's request for corrective action following her termination as a probationary employee.  Ms. Kutty alleges that her termination was a response to "protected disclosures" that she had made to Housing and Urban Development's (HUD) procurement counsel "related to violations of laws, rules or regulations and abuse of authority" by her supervisors.  To the contrary, HUD terminated Ms. Kutty for specific instances of disrespectful conduct toward her supervisor, and egregious conduct toward a co-worker.  Because the record supports the Board's decision, this court affirms.

## DISCUSSION

This court must affirm a Board decision unless it is: "(1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1996); Hayes v. Dep't of Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

Ms. Kutty began serving a one-year probationary period as an economist with the Office of Policy Development & Research, Financial Institutions and Regulation Division, in the Office of Economic Affairs of the Department of Housing and Urban Development (the Agency), in December 2001. She was removed by the Agency the following September 16. The Agency cited the following specific incidents as reasons for her removal: disrespectful conduct to her supervisor in an email message on September 4, 2002; disrespectful conduct including public humiliation of her supervisor at a meeting on September 6, 2002; and egregious behavior toward a co-worker on September 13, 2002. The record shows, for example, that Ms. Kutty criticized her supervisor's conduct as unethical and as a violation of rules. She also accused him of using intimidation and force, and of lack of competence in managing procurements. These charges came in e-mails dated September 4. The record also shows that in a September 6 meeting Ms. Kutty accused her supervisor of partiality toward one of the proposers and stated that "the composition of the panel was not acceptable."

After a hearing, the Board issued a final decision that the Agency had established by clear and convincing evidence that it would have terminated Ms. Kutty during her probationary period in the absence of any whistleblowing. <u>Kutty v. Dep't of Housing & Urban Dev.</u>, No. DC-1221-03-0210-B-1 (M.S.P.B. July 14, 2005). The administrative judge considered the written record, as well as testimony of the participants in the incidents. She evaluated the proper factors: strength of the evidence, the existence and strength of any motive to retaliate for alleged whistle-blowing action on the part of the Agency officials involved, and evidence that the Agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. <u>See</u> <u>Carr v. Soc. Sec. Admin.</u>, 185 F.3d 1318, 1323 (Fed. Cir. 1999). Because the administrative judge correctly performed the "appropriate test for determining whether, in a given case, an agency has carried its burden of establishing by clear and convincing evidence that it would have taken the personnel action at issue in the absence of the disciplined employee's protected disclosure(s)," <u>id.</u>, this court affirms.